UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

RONDELL MERRIWEATHER,

Plaintiff,

-against-

CITY OF SYRACUSE, CITY OF SYRACUSE POLICE
DEPARTMENT, CITY OF SYRACUSE POLICE
OFFICER KENNETH KIMPEL, in his individual and
official capacities, CITY OF SYRACUSE POLICE
OFFICER GRANT PRUDHOMME, in his individual and
official capacities, CITY OF SYRACUSE SERGEANT
THOMAS BLAKE, in his individual and official capacities,
CITY OF SYRACUSE POLICE OFFICER SARA KNAPP,
in her individual and official capacities, CITY OF
SYRACUSE LT. C. DOMINICK, in his individual and
official capacities, CITY OF SYRACUSE POLICE
OFFICER EDWARD MOSSOW, in his individual and
official capacities, CITY OF SYRACUSE POLICE
OFFICER CODY NELLIS, in his individual and official
capacities, CITY OF SYRACUSE POLICE OFFICER
JOHN SILVAGGIO, in his individual and official
capacities, CITY OF SYRACUSE POLICE OFFICER
JORDON MILLER, in his individual and official capacities,
and CITY OF SYRACUSE POLICE OFFICER JOHN
DOES #1-10 (fictitiously named), in their individual and
official capacities,

Defendants.
------------------------------------------------------------------------ X

**DOCKET NO.:** 5:25-CV-0766
(ECC/TWD)

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff RONDELL MERRIWEATHER, by his attorneys, Horn Wright, LLP,

complaining of Defendants CITY OF SYRACUSE, CITY OF SYRACUSE POLICE

DEPARTMENT, CITY OF SYRACUSE POLICE OFFICER KENNETH KIMPEL, in his

individual and official capacities, CITY OF SYRACUSE POLICE OFFICER GRANT

PRUDHOMME, in his individual and official capacities, CITY OF SYRACUSE SERGEANT

THOMAS BLAKE, in his individual and official capacities, CITY OF SYRACUSE POLICE OFFICER SARA KNAPP, in her individual and official capacities, CITY OF SYRACUSE LT. C. DOMINICK, in his individual and official capacities, CITY OF SYRACUSE POLICE OFFICER EDWARD MOSSOW, in his individual and official capacities, CITY OF SYRACUSE POLICE OFFICER CODY NELLIS, in his individual and official capacities, CITY OF SYRACUSE POLICE OFFICER JOHN SILVAGGIO, in his individual and official capacities, CITY OF SYRACUSE POLICE OFFICER JORDON MILLER, in his individual and official capacities, and CITY OF SYRACUSE POLICE OFFICER JOHN DOES #1-10 (fictitiously named), in their individual and official capacities, alleges as follows:

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which Plaintiff, RONDELL MERRIWEATHER seeks relief from Defendants CITY OF SYRACUSE, CITY OF SYRACUSE POLICE DEPARTMENT, CITY OF SYRACUSE POLICE OFFICER KENNETH KIMPEL, CITY OF SYRACUSE POLICE OFFICER GRANT PRUDHOMME, CITY OF SYRACUSE SERGEANT THOMAS BLAKE, CITY OF SYRACUSE POLICE OFFICER SARA KNAPP, CITY OF SYRACUSE LT. C. DOMINICK, CITY OF SYRACUSE POLICE OFFICER EDWARD MOSSOW, CITY OF SYRACUSE POLICE OFFICER CODY NELLIS, CITY OF SYRACUSE POLICE OFFICER JOHN SILVAGGIO, CITY OF SYRACUSE POLICE OFFICER JORDON MILLER, and CITY OF SYRACUSE POLICE OFFICER JOHN DOES #1-10 (fictitiously named), (collectively, "Defendants"), for committing acts under color of law and depriving Plaintiff of rights secured under 42 U.S.C. § 1983 grounded in rights secured to him under the Fourth and Fourteenth Amendments to the Constitution of the United States.

2.      Plaintiff alleges that Defendants engaged in unlawful conduct. Specifically, during their response to an incident on Plaintiff's property, Defendants used excessive force, falsely arrested Plaintiff, and maliciously prosecuted him. All acts were committed under the color of law and deprived Plaintiff of rights secured to him under the Fourth and Fourteenth Amendments of the Constitution of the United States.

3.      Defendants, without justification or any reason except an intent to deprive Plaintiff of his rights and knowledge that their conduct had the tacit authorization of CITY OF SYRACUSE and CITY OF SYRACUSE POLICE DEPARTMENT, assaulted and battered Plaintiff, falsely arrested Plaintiff, and maliciously prosecuted him. Said actions on Plaintiff deprived him of his civil and Constitutional rights.

4.      Plaintiff seeks damages, both compensatory and punitive, award of costs, interest, attorney's fees, and such other and further relief as this Court deems just and equitable.

## JURISDICTION

5.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is conferred upon this Court by 42 U.S.C. § 1983 and by 28 U.S.C. §§ 1331 and 1343(3) and (4) of the aforementioned Constitutional provisions.

## VENUE

6.      Venue is proper in the Northern District of New York pursuant to 28 U.S.C. § 1391(b) since all of the events and omissions giving rise to Plaintiff's claims occurred within the City of Syracuse, County of Onondaga; the actual place of employment of the individually named Defendants and Doe Officers is within the County of Onondaga in the Northern District of New York; and the City of Syracuse is within the jurisdiction of the Northern District of New York.

## THE PARTIES

7.     Plaintiff RONDELL MERRIWEATHER ("MERRIWEATHER" or "Plaintiff") is a resident of the United States who lives within the Northern District of New York.

8.     Upon information and belief, at all relevant times described herein, Defendant CITY OF SYRACUSE ("CITY") was and continues to be a municipal corporation organized and existing by virtue of the laws of the State of New York.

9.     Upon information and belief, at all relevant times described herein, Defendant CITY, by its agents and/or employees, operated, maintained, and controlled the CITY OF SYRACUSE POLICE DEPARTMENT ("SPD"), including all police officers, sergeants, lieutenants, and supervisors thereof.

10.     Upon information and belief, at all relevant times described herein, Defendant CITY OF SYRACUSE POLICE OFFICER KENNETH KIMPEL ("KIMPEL") is a Police Officer who is being sued in his individual and official capacities and is an employee of Defendants CITY and/or SPD. At all relevant times described herein, KIMPEL was acting under color of state law within the scope of his employment as a Police Officer employed by Defendants CITY and/or SPD and works under the supervision, direction, and/or control of his supervisors in the respective entities' police department.

11.     Upon information and belief, at all relevant times described herein, Defendant CITY OF SYRACUSE POLICE GRANT PRUDHOMME ("PRUDHOMME") is a Police Officer who is being sued in his individual and official capacities and is an employee of Defendants CITY and/or SPD. At all relevant times described herein, PRUDHOMME was acting under color of state law within the scope of his employment as a Police Officer employed by Defendants CITY and/or

SPD and works under the supervision, direction, and/or control of his supervisors in the respective entities' police department.

12.     Upon information and belief, at all relevant times described herein, Defendant CITY OF SYRACUSE SERGEANT THOMAS BLAKE ("BLAKE") is a Sergeant who is being sued in his individual and official capacities and is an employee of Defendants CITY and/or SPD. At all relevant times described herein, BLAKE was acting under color of state law within the scope of his employment as a Sergeant employed by Defendants CITY and/or SPD and works under the supervision, direction, and/or control of his supervisors in the respective entities' police department.

13.     Upon information and belief, at all relevant times described herein, Defendant CITY OF SYRACUSE POLICE OFFICER SARA KNAPP ("KNAPP") is a Police Officer who is being sued in her individual and official capacities and is an employee of Defendants CITY and/or SPD. At all relevant times described herein, KNAPP was acting under color of state law within the scope of her employment as a Police Officer employed by Defendants CITY and/or SPD and works under the supervision, direction, and/or control of her supervisors in the respective entities' police department.

14.     Upon information and belief, at all relevant times described herein, Defendant CITY OF SYRACUSE LT. C. DOMINICK ("DOMINICK") is a Lieutenant who is being sued in his individual and official capacities and is an employee of Defendants CITY and/or SPD. At all relevant times described herein, DOMINICK was acting under color of state law within the scope of his employment as a Sergeant employed by Defendants CITY and/or SPD and works under the supervision, direction, and/or control of his supervisors in the respective entities' police department.

15.     Upon information and belief, at all relevant times described herein, Defendant CITY OF SYRACUSE POLICE OFFICER EDWARD MOSSOW ("MOSSOW") is a Police Officer who is being sued in his individual and official capacities and is an employee of Defendants CITY and/or SPD. At all relevant times described herein, MOSSOW was acting under color of state law within the scope of his employment as a Police Officer employed by Defendants CITY and/or SPD and works under the supervision, direction, and/or control of his supervisors in the respective entities' police department.

16.     Upon information and belief, at all relevant times described herein, Defendant CITY OF SYRACUSE POLICE OFFICER CODY NELLIS ("NELLIS") is a Police Officer who is being sued in his individual and official capacities and is an employee of Defendants CITY and/or SPD. At all relevant times described herein, NELLIS was acting under color of state law within the scope of his employment as a Police Officer employed by Defendants CITY and/or SPD and works under the supervision, direction, and/or control of his supervisors in the respective entities' police department.

17.     Upon information and belief, at all relevant times described herein, Defendant CITY OF SYRACUSE POLICE OFFICER JOHN SILVAGGIO ("SILVAGGIO") is a Police Officer who is being sued in his individual and official capacities and is an employee of Defendants CITY and/or SPD. At all relevant times described herein, SILVAGGIO was acting under color of state law within the scope of his employment as a Police Officer employed by Defendants CITY and/or SPD and works under the supervision, direction, and/or control of his supervisors in the respective entities' police department.

18.     Upon information and belief, at all relevant times described herein, Defendant CITY OF SYRACUSE POLICE OFFICER JORDON MILLER ("MILLER") is a Police Officer

who is being sued in his individual and official capacities and is an employee of Defendants CITY and/or SPD. At all relevant times described herein, MILLER was acting under color of state law within the scope of his employment as a Police Officer employed by Defendants CITY and/or SPD and works under the supervision, direction, and/or control of his supervisors in the respective entities' police department.

19.     Defendant CITY OF SYRACUSE POLICE OFFICER JOHN DOES #1-10 ("DOES") are members of SPD who are being sued in their individual and official capacities, are employed by Defendants CITY and SPD and were police officers, detectives, sergeants, lieutenants, or supervisors. Upon information and belief, at all relevant times described herein, DOES were acting under color of state law within the scope of their employment as members of the SPD and employed by Defendants CITY and SPD. Plaintiff does not know the real names and shield numbers of DOES.

## **FACTUAL ALLEGATIONS**

20.     On or about June 16, 2022, Plaintiff MERRIWEATHER was at his home, located at 1065 W. Onondaga Street, Syracuse, New York 13204, when the local fire department called the SPD in response to a small legal burn on Plaintiff's property.

21.     Upon information and belief, Defendants KIMPEL, PRUDHOMME, BLAKE, KNAPP, DOMINICK, MOSSOW, NELLIS, SILVAGGIO, MILLER, and DOES (hereinafter collectively referred to as "Defendant Officers") were dispatched to Plaintiff's home.

22.     Defendant Officers approached Plaintiff on the street in front of his residence and directed him to move and step away.

23.     Plaintiff assented to the directive and walked back towards his home.

24.     Officer KIMPEL followed Plaintiff as Plaintiff walked back up to his home.

25.     Upon noticing the officer following him, Plaintiff turned and advised the officer he was trespassing and to leave the property.

26.     Without warning, Officer KIMPEL rushed at Plaintiff, throat punched him, grabbed him by the throat strangling him, and threw Plaintiff to the ground. Plaintiff was not displaying any weapons, being aggressive, and/or making sudden movements or furtive movements.

27.     Without justification, Officer KIMPEL and other Defendant Officers threw Plaintiff onto the ground, punched, kicked, and brutalized Plaintiff, ultimately placing him in handcuffs behind his back.

28.     Whilst still on the ground, Plaintiff notified Defendant Officers their actions were reaggravating a prior spinal injury and complained that Defendant Officers' actions were causing him pain.

29.     Despite Plaintiff's pleas, Defendant Officers left Plaintiff handcuffed and face down on the ground, compelling Plaintiff to request a sergeant appear at the scene.

30.     As a result of Defendant Officers' use of unlawful excessive force, Plaintiff was caused to suffer extremely severe pain and discomfort.

31.     Plaintiff, without justification, was beaten and further threatened with a taser by Defendant Officers.

32.     That the injuries Plaintiff suffered were caused solely by the conduct of Defendant Officers and Plaintiff in no way contributed to or caused the injuries he suffered.

33.     The conduct of Defendants was the proximate cause of Plaintiff's injuries.

34.     The injuries suffered by Plaintiff are permanent in nature.

35.     In an attempt to cover up their wrongdoings, Defendants charged Plaintiff with Obstruction of Governmental Authority, Second Degree, in violation of NY PL § 195.05 and Menacing, Third Degree, in violation of NY PL § 120.15.

36.     Defendant Officers were fully aware that the small burn on Plaintiff's property was fully legal and, upon information and belief, the Syracuse Fire Department Chief informed them as such.

37.     On June 16, 2022, Plaintiff was arrested, processed, and charged by PRUDHOMME.

38.     Plaintiff was detained by Defendants for a period of approximately three (3) hours.

39.     On June 16, 2022, Plaintiff was issued a desk appearance ticket and charged with Obstruction of Governmental Authority, Second Degree, in violation of NY PL § 195.05 and Menacing, Third Degree, in violation of NY PL § 120.15.

40.     Defendants had no evidence to substantiate the charges.

41.     On June 30, 2022, Plaintiff was arraigned.

42.     The prosecution of Plaintiff was continued after probable cause was vitiated. Defendants had irrefutable evidence of Plaintiff's innocence. MERRIWEATHER was charged with Obstruction of Governmental Authority, Second Degree, in violation of NY PL § 195.05 and Menacing, Third Degree, in violation of NY PL § 120.15, despite knowledge that such prosecution was unlawful and in violation of Plaintiff's rights.

43.     As a result of the malicious prosecution, Plaintiff was required to pay for the services of a criminal defense attorney at a substantial cost to him. Information about the arrest and/or prosecution was intentionally and maliciously released to the public, impugning MERRIWEATHER's reputation and causing Plaintiff shame and humiliation.

44.     Plaintiff was required to appear in court on multiple occasions after Defendants had incontrovertible evidence that Plaintiff was not involved in the alleged crimes he was arrested and charged with.

45.     The prosecution of MERRIWEATHER was terminated favorably to him. All charges against Plaintiff were dismissed on November 3, 2022.

46.     At all relevant times to the instant Complaint, Defendants were acting under color of law.

47.     At all relevant times to the instant Complaint, Defendant Officers, separately and in concert, engaged in acts or omissions which constituted deprivation of the Constitutional rights, privileges, and immunities of Plaintiff MERRIWEATHER and, while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal, improper, and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property ensuring civil order.

48.     At all relevant times to the instant Complaint, Defendant Officers, and each of them, had the power and duty to restrain the other Defendants and prevent them from violating the law and the rights of Plaintiff MERRIWEATHER, but each of the Defendants failed and refused to restrain the other Defendants and thereby became a party to unlawfully subjecting Plaintiff MERRIWEATHER to harm and denial of basic rights.

49.     That the injuries Plaintiff suffered were caused solely by the conduct of Defendant Officers and Plaintiff in no way contributed to or caused the injuries he suffered.

50.     The conduct of Defendants was the proximate cause of Plaintiff's injuries.

51.     The injuries suffered by Plaintiff are permanent in nature.

## AS AND FOR A FIRST COUNT
### 42 U.S.C. § 1983 – Excessive Force
### (As against Defendant Officers)

52.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

53.    Plaintiff was threatened with a taser and brutalized by Defendant Officers in the absence of any need for such application of excessive force.

54.    Defendant Officers subjected Plaintiff to excessive force while acting in the scope of their employment as police officers.  Such force was objectively unreasonable under the circumstances then existing and caused Plaintiff to suffer serious and permanent physical injuries.

55.    Plaintiff has suffered significant and substantial damages as a result of Defendants' aforementioned conduct.

56.    As a proximate result of Defendant Officers' actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees pursuant to Title 42 § 1988.

## AS AND FOR A SECOND COUNT
### 42 U.S.C. § 1983 – Violation of Fourth and Fourteenth Amendments – Payton Violation
### (As against Defendant Officers)

57.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

58.    In committing the acts and omissions complained of herein, Defendant Officers acted under color of state law to deprive Plaintiff MERRIWEATHER of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution. Defendant Officers, without Plaintiff's consent, just cause, or exigent circumstance, entered Plaintiff's home.

59.    Defendant Officers personally violated Plaintiff's Constitutional rights or failed to intervene to prevent the violations of these rights even though they had the ability and opportunity to do so.

60.    The unlawful conduct of Defendant Officers was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

61.    As a proximate result of Defendants Officers' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees pursuant to Title 42 § 1988.

### AS AND FOR A THIRD COUNT
### 42 U.S.C. § 1983 – False Arrest
### (As against Defendant Officers)

62.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

63.     That the aforesaid arrest and imprisonment of Plaintiff by Defendants in their capacities as law enforcement was under the color of State Law, without any reasonable cause or belief that Plaintiff was in fact guilty of any crimes.

64.     That said Defendants, their agents, servants, and employees unlawfully entered Plaintiff's property, falsely arrested and illegally imprisoned Plaintiff, and intentionally subjected Plaintiff to confinement which Plaintiff was conscious of, and said confinement was not otherwise privileged or consented to by Plaintiff.

65.     That, by reason of the aforesaid false arrest and imprisonment caused willfully and maliciously by Defendants, their agents, servants, or employees, Plaintiff was wrongfully deprived of his rights and privileges and benefits as provided to him under the Constitution of the United States of America, was subjected to pain and suffering, great indignities, ridicule, scorn, loss of freedom, humiliation, mental distress, was prevented from attending his usual activities, was injured in his reputation in the community, and was further caused to incur monetary expense, including legal fees.

66.     That the aforesaid false arrest and imprisonment of Plaintiff violated the Fourth Amendment of the United States Constitution.

67.     That Defendants committed the foregoing acts willfully and with malicious disregard for Plaintiff's rights and are therefore liable to Plaintiff for compensatory as well as punitive damages.

68.     As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorney's fees, associated legal expenses, and other special damages, and has suffered great mental anguish causing damages, all

to Plaintiff's damage, in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees pursuant to Title 42 § 1988.

**AS AND FOR A FOURTH COUNT**
**42 U.S.C. § 1983 – Malicious Prosecution**
**(As against Defendant Officers)**

69.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

70.    Defendants' commencement and/or continuation of a criminal proceeding against Plaintiff by the lodging of false charges, wrongful arrest, and abuse of process culminated into the unjustifiable and malicious prosecution of Plaintiff by Defendants.

71.    The criminal matter terminated in Plaintiff's favor on November 3, 2022.

72.    Defendant Officers' actions constituted unreasonable and unlawful behavior, as well as abuse of process, abuse of authority, and violations of Plaintiff's Fourth and Fourteenth Amendment rights.

73.    Defendants instituted and maintained criminal charges against Plaintiff knowing that he was completely innocent.

74.    Said abuse of process has continued by Defendants' failure to adequately investigate and properly discipline Defendant Officers for their actions against Plaintiff.

75.    The false and fabricated allegations made against Plaintiff were based on actual malice harbored by Defendants.

76.    Each knew that the charges were false and only sought to press the charges to mask and cover up the abuses, violations, and wrongful acts which they had taken against Plaintiff.

77.    The actions taken by Defendants to create a false narrative; falsely accuse Plaintiff; provide false information to the DA; maliciously prosecute; harass; and fully inconvenience Plaintiff with false criminal charges is an abuse of process, in that using the courts and judicial process to harass, intimidate, inconvenience, and further damage Plaintiff despite no significant evidence for prosecuting the baseless charges.

78.    As a result of said abuse of process, Plaintiff has suffered continued emotional damage, including prolonged stress and anxiety, fear, and frustration, and has been harmed monetarily in his incurring of attorney fees and other expenses incurred in the attempt to clear Plaintiff from these false and maliciously imposed criminal charges.

79.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees pursuant to Title 42 § 1988.

### AS AND FOR A FIFTH COUNT
### 42 U.S.C. § 1983 – Abuse of Process
### (As against Defendant Officers)

80.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

81.    Defendants intentionally, recklessly, and maliciously filed and/or caused to be filed a false, inaccurate, and/or misleading criminal complaint against Plaintiff.

82.    The false criminal complaint lodged by Defendants against Plaintiff was done with knowledge that the facts contained therein were false, misleading, and/or otherwise inaccurate.

83.     Defendants filed said false criminal felony complaint against Plaintiff with an ulterior purpose/motive to subject Plaintiff to punishment without just cause and in order to protect Defendant Officers.

84.     Defendants subjected Plaintiff to the criminal justice system without just cause or reason. Defendants abused the criminal justice system in assaulting, falsely arresting, falsely charging, and falsely prosecuting Plaintiff in an attempt to protect Defendant Officers and satisfy their personal goals of covering up their wrongdoing, and to further their own purposes of exercising their privilege for their own warped sense of power.

85.     Defendants' use of criminal process for the aforementioned improper purpose amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiff solely for a purpose that was/is outside the legitimate ends of the legal process. The purpose behind Defendants' actions was to protect Defendant Officers, and to harass, intimidate, coerce, silence, and punish Plaintiff.

86.     Defendants did not initiate the arrest and prosecution of Plaintiff as a result of actual knowledge that a crime was committed. Defendants' clear intention was to protect Defendant Officers, as well as falsely arrest and falsely prosecute Plaintiff and cause harm to Plaintiff without proper motive, excuse, or justification of any kind.

87.     Defendants did nothing to stop the criminal proceedings which amounted to an abuse of said process, which was initiated and used to the detriment of Plaintiff solely for a purpose that was/is outside the legitimate ends of the criminal process.

88.     As a direct consequence of the actions of Defendants, acting in furtherance of their duty as agents of Defendants CITY and SPD, Plaintiff suffered injuries, including but not limited

to, stigmatization, embarrassment, loss of liberty, and the infringement of his rights guaranteed to him under the U.S. Constitution.

89.    That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees pursuant to Title 42 § 1988.

## AS AND FOR A SIXTH COUNT
## 42 U.S.C. § 1983 – Failure to Intervene
## (As against All Defendants)

90.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

91.    Defendants had an affirmative duty to intervene to prevent the violation of Plaintiff's Constitutional rights.

92.    Defendants failed to intervene to protect Plaintiff from the egregious violation of his Constitutional rights, despite having a realistic opportunity to do so.

93.    That, as a result of Defendants' conduct and failure to intervene, Plaintiff's Constitutional rights were violated.

94.    Plaintiff has suffered damages as a result of Defendants' impermissible conduct.

95.    As a proximate result of Defendants' actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum

to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees pursuant to Title 42 § 1988.

## AS AND FOR A SEVENTH COUNT
### 42 U.S.C. §1981 – Racial Profiling and Racial Discrimination
### (As against All Defendants)

96.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

97.    Upon information and belief, Defendants have engaged in actions and abuses which have deprived Plaintiff of his rights, privileges, and immunities secured by the United States Constitution including, but not limited to, rights secured by the Fourth and Fourteenth Amendments in violation of 42 U.S.C. § 1983.

98.    Plaintiff had been unlawfully detained and arrested not because he had committed a crime, but because Plaintiff was profiled and arrested on account of being a black male.

99.    This was a clear violation of Plaintiff's due process rights protected by both the Fourth and Fourteenth Amendments of the United States Constitution.

100.   As a direct and proximate result of said acts, Plaintiff suffered and continues to suffer distress, humiliation, great pain, and suffering.

101.   As a proximate result of Defendants' actions, Plaintiff was caused to be greatly humiliated, injured in his person and reputation, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees pursuant to Title 42 § 1988.

## AS AND FOR AN EIGHTH COUNT
## 42 U.S.C. § 1983 – Municipal Liability
## (As against Defendants CITY and SPD)

102.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

103.    Defendants CITY and SPD (collectively, referred to as "Municipal Defendants") failed to adequately train their police officers regarding the proper use of force and unlawful arrests to comply with Constitutional standards, and have tolerated the use of excessive force and improper arrest tactics by their police officers despite a plethora of complaints from citizens of being subjected to Constitutional violations by police officers.

104.    Among the other conduct or failure to act by the Municipal Defendants which caused Plaintiff's injuries are the following:

(a) Failure to retrain and update training of their police officers regarding the proper use of force and proper justifications for arrest under the Constitution of the United States, including police officers who have been accused of excessive use of force, and unlawful arrests upon citizens.

(b) In hiring and retaining incompetent police officers who Municipal Defendants knew or should have known possessed aggressive propensities, lack of proper temperament, and inability to comprehend or abide by Constitutional principles.

(c) In failing to establish and implement meaningful procedures for disciplining or re-training officers who have engaged in such misconduct, including officers who have been the subject of misconduct claims.

(d) In failing to implement adequate disciplinary policies to deter their police officers from the use of excessive force unlawful arrests.

105.    Municipal Defendants, by their policy making agents, servants, and employees, authorized and or allowed the type of misconduct complained herein to continue

106.    The conduct of the Individual Defendants was consistent with longstanding customs, practices, and usages of police officers employed by Municipal Defendants.

107.    Upon information and belief, despite knowledge of such *de facto* policies and practices, the supervising and policy making officers and officials of the Police Department of the Municipal Defendants have not taken steps to terminate these policies and practices, have not disciplined individuals who engage in such practices, or otherwise trained police officers with regard to the Constitutional and statutory limits on the exercise of their authority, and have, instead, condoned and ratified these customs, usages, and practices through their deliberate indifference to or disregard of the effect of said policies, customs, and practices upon the Constitutional rights upon persons within their respective jurisdictions.

108.    As a proximate result of Municipal Defendants' actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees pursuant to Title 42 § 1988.

## JURY DEMAND

109.    Plaintiff demands a Trial by Jury of all causes of action so triable.


## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A.    Under the First Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees;

B.    Under the Second Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees;

C.    Under the Third Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees;

D.    Under the Fourth Count, in the amount of ONE MILLION DOLLARS ($10,000,000.00), plus punitive damages and attorney's fees;

E.    Under the Fifth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees;

F.    Under the Sixth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees;

G.    Under the Seventh Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees;

H.    Under the Eighth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees;

I.    Costs and disbursements; and

J.      Such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
       June 15, 2025

                       Respectfully submitted,
                       **HORN WRIGHT, LLP**
                       *Attorneys for Plaintiff, Rondell Merriweather*

By:     /s/*Pablo A. Fernandez*
                       Pablo A. Fernandez
                       400 Garden City Plaza, Suite 500
                       Garden City, New York 11530
                       Tel: 516.355.9696
                       paf@hornwright.com